311 So.2d 203 (1975)
John C. FULFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1201.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Phillip A. Hubbart, Public Defender, and Bennett Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendant seeks review of an order summarily denying his motion to vacate judgment and sentence pursuant to RCrP 3.850.
On October 4, 1954, defendant-appellant was tried by jury, found guilty and sentenced to 10 years in the state penitentiary for assault with intent to commit murder. Defendant served his sentence and was released in 1963. Currently he is serving a life sentence in Louisiana for a 1972 murder conviction.
In 1974 appellant filed the instant motion to vacate judgment and sentence on the grounds he had been denied a fair trial because of pretrial publicity and being bound during the trial with handcuffs and shackles. Defendant further alleged therein that he was denied his right to appeal the conviction and to court appointed counsel on appeal.
After review of the record and defendant's motion to vacate, we conclude that *204 the grounds raised therein were properly presentable on appeal and thus we hold the trial judge properly denied defendant's rule 3.850 motion. See Koedatich v. State, Fla.App. 1974, 287 So.2d 738; Reinard v. State, Fla.App. 1972, 267 So.2d 88; Jenkins v. State, Fla.App. 1972, 267 So.2d 886.
In addition, the record in the case sub judice reflects that court appointed defense counsel advised the trial judge that he did not believe that a RCrP 3.850 motion was the proper remedy and further that he was going to file a writ of habeas corpus on defendant's behalf.
Accordingly, the order of denial herein appealed is affirmed.
Affirmed.