PER CURIAM.
This is an appeal from a judgment entered in 1954 finding the appellant guilty of assault with intent to commit manslaughter. Appellant was found guilty by a jury, adjudicated guilty and sentenced to ten years in the state prison.[1] He has served his sentence and has been released. Nevertheless, the office of the Public Defender filed in this court. a petition for habeas corpus on his behalf wherein it was alleged that he was being confined in Louisiana State Prison, serving a life sentence for murder and that because of the Florida sentence, he has been classified as a third offender and, therefore, the Florida conviction constitutes a “burden” or “disability.” See Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20. L.Ed.2d 554 (1968).
Out of an abundance of caution and because of the allegations of the petition, this court treated the petition as a delayed appeal pursuant to Baggett v. Wainwright, 229 So.2d 239 (Fla.1969). Briefs have been filed and arguments heard. Appellant has been totally unable to substantiate by the record any of the claims made in his petition now considered as a direct appeal. The public defender takes the position that because of the lapse of time (23 years), the appellant is unable to produce a proper record and, therefore, a new trial must be granted. We specifically reject this proposition and point out (1) that the lapse of time is not shown to be' because of fault of the State, and (2) a new trial would be tantamount to a reversal because the possibility of finding the witnesses after this delay is so small as to be non-existent.
Thereupon, the judgment and sentence are affirmed.
Affirmed.

. No appeal was taken from the judgment and sentence but in 1974 appellant filed a motion to vacate pursuant to Fla.R.Crim.P. 3.850. The motion was denied and an appeal was filed in this court. We affirmed the denial. See Fulford v. State, 311 So.2d 203 (Fla.3d DCA 1975).