PIERCE, Chief Judge.
Appellant Gerard Charles Reinard appeals to this Court from an order denying a post-conviction motion to vacate and set aside a previous judgment and sentence entered against him pursuant to an adverse verdict of guilty after jury trial.
On August 20, 1969, information was filed in the Pasco County Circuit Court charging Reinard with having, on July 2, 1969, burglarized a certain office building known as United Farm Agency located on U.S. Highway 19 in said County, the property of one Ruford C. Cox, d/b/a United Farm Agency, with intent then and there to commit grand larceny. After trial by jury he was convicted of the offense as charged, and upon being adjudged guilty, was sentenced to a term of imprisonment in the State Prison.
Reinard filed notice of appeal to this 2nd District Court. In due course said appeal was perfected, and on October 2, 1970, this Court entered per curiam opinion affirming the conviction and sentence.
Several motions to vacate and set aside the judgment of conviction under the post-conviction rule were filed, and on November 8, 1971, Reinard filed notice of appeal in this 2nd District Court from an order of October 8, 1971, denying his latest motion to vacate the judgment and sentence. The instant case is in furtherance of the last mentioned notice of appeal. On January 24, 1972, in the present appeal brief was filed on behalf of Reinard by the local Public Defender duly appointed to *89 represent him on the appeal wherein counsel stated:
“ . . . Attorney for Appellant made a diligent attempt to present law to the Court which would show that Appellant should not have been convicted of the crime. This is rather difficult in that he was traced from the scene of the crime and chased down by the victim, who eventually overturned his (Appellant’s) car in a wild chase on U.S. 19. Appellant was still in the car, or at the scene of the accident when he was arrested by police officers. No one could testify for sure that he was in the building, but his behavior was sufficient for any jury to find him guilty. For the reasons' stated herein, therefore, Attorney for the Appellant respectfully requests to be relieved as Attorney of Record on the grounds that this is a frivolous appeal and would cite as authority the case of Anders v. California, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 4931.”
Copy of the Public Defender’s brief was served upon Reinard, whereupon this Court, on February 9, 1972, entered order granting Reinard 30 days therefrom to file any additional brief he might desire calling this Court’s attention “to any matters that he feels should be considered in connection with the appeal in this cause”. Pursuant thereto Reinard filed brief on April 3, 1972, and a further brief on June 29, 1972. The latter brief was in reply to a brief filed by the Attorney General on behalf of the State on June 13, 1972.
In his brief of April 3, 1972, Reinard endeavors to raise various contentions, none of which have merit. He says that at the trial both the prosecuting attorney and the trial Judge called attention of the jury to the failure of Reinard to testify in his own behalf, he asserts that he was denied due process of law because no record was made of the closing arguments of counsel, he says the trial Judge committed error by making no findings of fact or conclusions of law in denying the instant motion to vacate, and that the trial Judge should have granted an evidentiary hearing upon his motion.
As to any comments by the trial Judge or the prosecuting attorney concerning the failure of Reinard to testify in his own behalf, suffice to say that no such showing of fact is made to appear here. No transcript of trial proceedings has been brought to this Court. As to the contentions regarding closing arguments to the jury and findings of facts and conclusions, they are not required.
Finally, even if properly authenticated to this Court, such contentions now made by Reinard could not be raised in a post-conviction proceeding for relief. They should have been raised at the trial level and then argued upon direct appeal.
For the aforesaid reasons, the order appealed from is — ■
Affirmed.
LILES and MANN, JJ., concur.