313 So.2d 428 (1975)
Jack Dempsey PHILLIPS, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1432.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Phillip A. Hubbart, Public Defender, and Paul Morris, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Jack Dempsey Phillips, the defendant, appeals an order of the trial court denying a motion for post-conviction relief filed pursuant to Rule 3.850, RCrP.
Phillips was charged by information with one count of first degree murder and one count of assault with intent to commit murder in the first degree. He was tried, found guilty and sentenced to life imprisonment in the state penitentiary on the first count and found guilty on the second count and sentenced to five years in the state penitentiary to begin upon expiration of the previous sentence. A direct appeal was taken to this court resulting in affirmance of the trial court's rulings. Subsequently, the defendant pro se filed a Rule 3.850 CrPR motion to vacate sentence and judgment, alleging that during the trial, a spectator in the courtroom gave signals to a prosecution witness and that a prosecution witness conferred with a detective during a recess after being instructed by the court not to discuss the case. The trial court denied the motion without an evidentiary hearing, stating
"The motion and the record clearly show that the defendant is entitled to no release (sic). I have personal knowledge of the matters raised in his motion *429 for appeal and deem them to be without merit."
Although Phillips took a direct appeal to this court from the judgment and sentence (See Phillips v. State, Fla.App. 1974, 299 So.2d 623), he failed to raise either of the points presented in his pro se motion. Since the claims advanced should have been raised on direct appeal, at this juncture they must fail. Matters known at the time of trial are not appropriate for collateral attack, and collateral attack will not be used as a substitute for appeal. State v. Matera, Fla. 1972, 266 So.2d 661.
Affirmed.