320 So.2d 44 (1975)
Frankie CLEMENTS, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1625.
District Court of Appeal of Florida, Third District.
October 14, 1975.
*45 Frankie Clements, in pro. per.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Frankie Clements was tried by a jury, convicted of murder in the first degree and sentenced on June 23, 1973, to life imprisonment in the state penitentiary. At trial he was represented by a special assistant public defender. Clements' conviction was affirmed on appeal. Clements v. State, Fla.App. 1973, 284 So.2d 700. On his appeal he was represented by counsel. On October 25, 1974, the trial court denied Clements' motion to vacate judgment and sentence pursuant to Rule 3.850, RCrP, 34 F.S.A. On Clements' appeal from the trial court's order denying the motion pursuant to the Rule, this court temporarily relinquished jurisdiction to the trial court for the appointment of counsel in the event of Clements' insolvency. Counsel having been appointed by the trial court, this appeal ensued.
Clements contends that he was prejudiced by being denied counsel at his preliminary hearing. Assuming that he was without counsel at the preliminary hearing, the record does not reflect Clements suffered any prejudice. If Clements was prejudiced at the preliminary hearing, this ground should have been raised on his direct appeal. Relief from a judgment of conviction under Rule 3.850 is not proper where the ground raised was presented on appeal or was properly presentable thereon. Reinard v. State, Fla.App. 1972, 267 So.2d 88; Koedatich v. State, Fla.App. 1974, 287 So.2d 738; Jenkins v. State, Fla.App. 1972, 267 So.2d 886.
Affirmed.