NATHAN, Judge.
John P. McNamara was convicted of grand larceny on May 21, 1970, in Dade County, and sentenced to one year in the Dade County Jail. Subsequently this sentence was modified to one year in the State Penitentiary. This modified order is not on appeal. He appeals from the trial court’s summarily denying his relief under Rule 3.850 RCrP. On February 8, 1972, he was adjudicated guilty of assault with intent to commit grand larceny in Broward County, Florida, and sentenced to 20 years in the State Penitentiary where he is presently incarcerated.
Both sentencing orders are silent as to whether the 20 year sentence is to run concurrent with, or consecutive to the one year sentence. McNamara contends that his sentences run concurrently and that this should have been corrected by the court by his motion for post conviction relief under the rule. McNamara does not allege, nor is there any error in the sentences imposed by the trial courts.
*703 Rule 3.722, RCrP provides that sentences imposed without designation that they be served consecutively, shall then be served concurrently. McNamara, therefore, has no remedy in the trial court or this court by means of Rule 3.850, RCrP. Relief from improper judgment or imposition of sentence or correction of sentence is available only when the judgment was rendered without jurisdiction or the sentence imposed was not authorized by law or was otherwise open to collateral attack; or the court, in imposing judgment and sentence, infringed or denied defendant’s constitutional rights. Crusoe v. State, Fla.App. 1966, 183 So.2d 600. When McNamara is, or is about to be, detained for a longer period than that provided by law, he may seek his appropriate remedy at that time.
Affirmed.