366 So.2d 486 (1979)
Andrew SKINNER, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 77-2018, 78-990.
District Court of Appeal of Florida, Third District.
January 16, 1979.
Bennett H. Brummer, Public Defender, Thomas G. Murray and Rory Stein, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and HUBBART, JJ.
HUBBART, Judge.
The defendant Andrew Skinner appeals a summary denial of his motion to vacate *487 judgment and sentence under Fla.R.Crim.P. 3.850 in the Circuit Court for the Eleventh Judicial Circuit of Florida. We find no merit in the defendant's contentions on this appeal save one. See: State v. Matera, 266 So.2d 661 (Fla. 1972); Clements v. State, 320 So.2d 44 (Fla.3d DCA 1975); Phillips v. State, 313 So.2d 428 (Fla.3d DCA 1975).
In our view, the defendant's sentence of life imprisonment for unarmed robbery exceeded the statutory maximum for such crime as provided in Section 812.13(2)(c), 775.082(3)(c), Florida Statutes (1975), and, therefore, such sentence should have been vacated and a new sentence imposed within the statutory maximum. The defendant was charged by information with unarmed robbery, found guilty thereof by a jury, and adjudged guilty based on the jury verdict. Specifically, the information charging the defendant with robbery contained no allegations that the robbery was committed with a "firearm", "deadly weapon" or "weapon." See: §§ 812.13(2)(a), (b), Fla. Stat. (1975). Under the authority of Chapola v. State, 347 So.2d 762 (Fla.1st DCA 1977), the defendant was charged with and convicted of unarmed robbery as a second degree felony under Section 812.13(2)(c), Florida Statutes (1975), and could only be sentenced to a maximum of fifteen years in the state penitentiary under Section 775.082(3)(c), Florida Statutes (1977).
The state contends that the defendant has waived this contention by failing to raise the issue when he originally appealed his conviction and sentence to this court in Skinner v. State, 344 So.2d 343 (Fla.3d DCA 1977). We cannot agree. Fla. R.Crim.P. 3.850 specifically provides that a sentence may be vacated upon motion by a defendant when "in excess of the maximum authorized by law." Moreover, it has long been held that a sentence not authorized by law is always subject to collateral attack under Fla.R.Crim.P. 3.850. McNamara v. State, 324 So.2d 702, 703 (Fla.3d DCA 1975); Crusoe v. State, 183 So.2d 600, 604 (Fla.2d DCA 1966).
We further reject the state's contention that the issue herein is rendered irrelevant or moot because the defendant was also sentenced to life imprisonment on a burglary charge in the instant case, the sentences to run consecutively. We know of no circumstances under the law of this state which would ever authorize a trial court to sentence a defendant to a term of imprisonment in excess of the statutory maximum set for the crime for which the defendant stands convicted. Such an error is fundamental and jurisdictional in nature and can never be considered irrelevant, moot or harmless. Butler v. State, 343 So.2d 93 (Fla.3d DCA 1977); Williams v. State, 280 So.2d 518 (Fla.3d DCA 1973).
The order under review is reversed and the cause remanded to the trial court with directions to vacate the sentence of life imprisonment imposed upon the defendant for the crime of unarmed robbery and to impose a proper sentence under the law. In all other respects, the order appealed from is affirmed.
Affirmed in part; reversed in part.