383 So.2d 770 (1980)
Emory HARVEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2205.
District Court of Appeal of Florida, Third District.
May 20, 1980.
*771 Emory Harvey, in pro. per.
Jim Smith, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal from the denial, without an evidentiary hearing, of a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Initially, we note that appellant's conviction of: (1) robbery; (2) aggravated battery; (3) possession of a firearm by a convicted felon; and (4) possession of a firearm during the commission of a felony were affirmed by this court in Harvey v. State, 362 So.2d 714 (Fla.3d DCA 1978).
Appellant claims he is entitled to relief because: (1) his confession, which was admitted into evidence, was involuntary; (2) his photographic identification was unduly suggestive; and (3) he received ineffective assistance from his court-appointed counsel.
The first two grounds were matters which could have been raised on direct appeal and thereby are unassailable in a collateral attack on the judgment. Clements v. State, 320 So.2d 44 (Fla.3d DCA 1975); Phillips v. State, 313 So.2d 428 (Fla.3d DCA 1975). The fact that one of the grounds is of constitutional dimension does not mean that a waiver may not occur. Clark v. State, 363 So.2d 331 (Fla. 1978); Sanford v. Rubin, 237 So.2d 134 (Fla. 1970).
The bare allegation of ineffective assistance of counsel without an allegation of prejudice to the defendant does not require an evidentiary hearing on a motion to vacate. State v. Barton, 194 So.2d 241 (Fla. 1967); Bell v. State, 164 So.2d 28 (Fla.2d DCA 1964).
Affirmed.