BASKIN, Judge.
Summary denial of defendant Frankie Jones’ Motion to Vacate Judgment and Sentence filed pursuant to Florida Rule of Criminal Procedure 3.850 is the subject of this appeal. Defendant contends that the sentences he received upon revocation of his probation exceeded the legal maximum. We agree.
Upon revocation of his probation, defendant Jones was sentenced as follows:
Count I — Possession of Controlled Substance, methaqualone; five years prison.
Count II — Sale or Delivery of Controlled Substance, methaqualone; ten years prison, concurrent with Count I.
In addition, he received sentences in Counts III, IV, and V, which are not challenged in this appeal. The order revoking defendant’s probation was never appealed.
We have jurisdiction to entertain this appeal. Florida Rule of Criminal Procedure 3.850 permits the filing of a motion for rehearing. This appeal was filed within thirty days of the denial of the motion for rehearing. Fla.R.Crim.P. 3.850(e).
We vacate the sentence imposed upon the revocation of defendant’s probation as to Count I, possession of methaqua-lone. Defendant Jones was not placed on probation in Count I; instead the entry of sentence was suspended as to that count.
As to Count II, sale or delivery of a controlled substance, methaqualone, the sentence of ten years imprisonment exceeds the maximum penalty in effect on August 10, 1976, the date of the offenses charged. §§ 775.082(3)(d), 893.03(3)(a), 893.13(2), Fla. Stat. (1975). Without a specific statute authorizing its imposition, a sentence cannot stand. See Skinner v. State, 366 So.2d 486 (Fla. 3d DCA 1979). We therefore reduce the sentence in Count II to five years in the state penitentiary, with credit for time served.
Sentence vacated as to Count I, modified as to Count II.