432 So.2d 750 (1983)
Ellis RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2761.
District Court of Appeal of Florida, Second District.
June 8, 1983.
*751 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Diane Barrs, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Ellis Richardson, seeks review of the denial of a motion to vacate sentence, pursuant to rule 3.850, Florida Rule of Criminal Procedure, in order that he be given the opportunity to withdraw his plea of no contest and proceed to trial. We reverse.
On June 2, 1982, appellant pled no contest to a charge of grand theft. At the time, he was on parole from New Jersey for a burglary committed there in 1980. Prior to entering his plea in the case sub judice, he urged that the conditions of his plea be that he receive a sentence concurrent with any sentence he might receive for the New Jersey offense. After voluntarily entering his plea, he was adjudged guilty. He then waived a presentence investigation so as to save time "to get on back to New Jersey." The trial court imposed the maximum sentence of five years with the provision that appellant's sentence run concurrently with any sentence received for the parole violation in New Jersey.
The following October, appellant filed a motion to vacate sentence, alleging that the New Jersey authorities had failed to transport him to that state and that he remained incarcerated in Florida. Since the trial court lacked jurisdiction to compel the New Jersey officials to act, the conditions of appellant's plea bargain have not been met.
Under section 921.16(2), Florida Statutes (1981), a Florida court may direct that a sentence which is imposed may be served concurrently with a sentence from another jurisdiction. The statutory language infers that there must be an existing sentence in that jurisdiction. Cf., Newman v. State, 409 So.2d 514 (Fla. 5th DCA 1982). Additionally, the date of commencement of a sentence cannot be vague or uncertain. Keel v. State, 321 So.2d 86 (Fla. 2d DCA 1975). Although appellant had been placed on parole, the New Jersey authorities chose not to prosecute him for his subsequent violation. Thus, no sentence existed for that violation in New Jersey when he was sentenced by the trial court in Florida. Under the present circumstances, appellant could serve the entire Florida sentence before serving any time in New Jersey, negating all benefit of the plea bargain.
When a defendant moves to withdraw his plea of guilty, the court should be liberal in exercising its discretion to permit the withdrawal, especially where it is shown that the plea was based on a failure of communication or misunderstanding of the facts. Brown v. State, 245 So.2d 41 (Fla. 1971). A withdrawal should not be denied in a case if the ends of justice would be subserved by permitting it. Jordan v. State, 107 So.2d 56 (Fla. 2d DCA 1958). Appellant herein agreed to plead on the mistaken assumption that his Florida sentence would be served concurrently with time imposed in New Jersey. Since he did not receive the sentence for which he originally bargained and was not informed of the impossibility of carrying out that sentence, the interests of justice mandate that he be given the opportunity to withdraw his plea.
Accordingly, appellant's judgment and sentence are reversed and the cause remanded with directions to permit appellant to withdraw his plea of no contest and enter a plea of not guilty, if he desires to do so after he has been advised of the proper alternatives.
HOBSON, A.C.J., and SCHOONOVER, J., concur.