DANAHY, Judge.
Louis L. Snell appeals the trial court’s order which summarily denied his motion for postconviction relief. He urges three grounds for reversal; namely that the sentences imposed were to be served concurrently rather than consecutively, that the sentences imposed are illegal in light of Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1981), and that he was denied effective assistance of counsel.
Snell was originally sentenced in seven consolidated cases in accordance with plea negotiations as follows:
1. Worthless cheek — one year imprisonment in county jail.
2. Worthless check — one year imprisonment in county jail.
3. Three counts of obtaining property by worthless check — Count 1: no sentence; Counts 2 and 3: five years’ probation on each count to run consecutively one with the other and concurrently with number 2 above.
4. Worthless check — five years’ probation to run concurrently with number 3 above.
5. Three counts of obtaining property by worthless check — -five years’ probation on each count to run concurrently, and concurrently with number 3 above.
6. Two counts of obtaining property by worthless check — five years’ probation on each count to run concurrently, and concurrently with number 3 above.
7. One count each of grand larceny in obtaining property by worthless cheek— five years’ probation on each count to run concurrently, and concurrently with number 3 above.
Each probationary period is to begin upon Snell’s release from jail.
Within sixty days after imposition of the above sentences, the trial court, pursuant to Florida Rule of Criminal Procedure 3.800(b), withdrew the sentences only as to numbers 1, 2, and 3 above and resentenced Snell as follows:
1A. Worthless check — one year imprisonment in state prison.
2A. Worthless check — one year imprisonment in state prison concurrent with worthless check. As no case number was cited by the trial court in its order, for purposes of this appeal we will assume the trial court was referring to number 1A above as that was the only sentence for state prison time already imposed at the time of resentencing. *1040 Therefore, the sentence in number 2A as corrected is proper. See Newman v. State, 409 So.2d 514 (Fla. 5th DCA 1982).
3A. Three counts of obtaining property by worthless check—Count 1: one year imprisonment in state prison; Counts 2 and 3: five years’ probation to run consecutively one with the other and concurrently, apparently, with number 2A; the entire sentence to run consecutively, again, apparently, with number 2A. At this point in the sentence there is confusion due to several clerical errors which include conflicting directions regarding how Counts 2 and 3 are to be served.
We find no merit in Snell’s first contention that his sentences should be served concurrently. From the record before us, the sentences imposed in numbers 1A, 2A, and 3A were for offenses not charged in the same information. The trial court clearly directed that number 2A was to be served concurrently with number 1A. However, as it was not authorized to direct that a portion of the sentence in number 3A run both consecutively and concurrently to 2A, these directions cannot be allowed to stand. In the absence of court direction, sentences imposed for offenses not charged in the same information must be served consecutively while those imposed for offenses charged in the same information must be served concurrently. § 921.16(1), Fla.Stat. (1981).
Therefore, Snell in his first year would serve his prison time for number 1A and number 2A above. During his second year he would serve his prison time for Count 1 of number 3A and also be on probation for Counts 2 and 3 of number 3A. Upon his release from prison, he would be on probation for the remaining period specified in Counts 2 and 3 of number 3A and also be on probation for numbers 4, 5, 6, and 7 above.
We agree, however, with Snell’s second contention that the “corrective” order which resentenced him violates the requirements of Villery because the period of incarceration followed by probation exceeds one year. Specifically, the one-year imprisonment term followed by a minimum of five years’ probation in number 3A constitutes such a violation.
Finally, we reject Snell’s third contention that he was denied effective assistance of counsel as being clearly without merit. Snell has failed to show that the asserted deficiencies of his defense counsel meet the requirements set forth in Knight v. State, 394 So.2d 997 (Fla.1981).
Snell’s convictions are affirmed. His sentences are vacated and the case is remanded to the trial court for correction of the sentences in accord with Villery. Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981).
OTT, C.J., and RYDER, J., concur.