477 So.2d 1089 (1985)
William GOODWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1211.
District Court of Appeal of Florida, Fourth District.
November 6, 1985.
*1090 William Goodwin, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
William Goodwin seeks review of the summary denial of his motion for post conviction relief which he filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure.
On November 24, 1981, Goodwin pled guilty to forty-four counts of robbery in New Jersey. Sentencing was postponed. In the meantime, Goodwin was sent to Florida where he pled guilty to charges of armed robbery. This plea was made pursuant to a plea bargain in which the state agreed that if he pled guilty, any sentence he received would run concurrent to the sentence he would receive upon his return for sentencing in New Jersey. Goodwin was adjudicated guilty and sentenced to twenty years in prison to run concurrent with the sentences he would receive in New Jersey. When Goodwin was sent back to New Jersey, however, the New Jersey court sentenced him to ninety-five years in prison to run consecutive to the twenty years he received in Florida. He was then sent back to Florida to finish serving the Florida sentence.
On March 14, 1985, Goodwin filed a motion for post conviction relief. The sentencing judge denied this motion. It is clear, however, that the agreed bargain between Goodwin and the State of Florida has not been carried out.
The second district was faced with a strikingly similar factual situation in Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983). The court stated:
Appellant herein agreed to plead on the mistaken assumption that his Florida sentence would be served concurrently with time imposed in New Jersey. Since he did not receive the sentence for which he originally bargained and was not informed of the impossibility of carrying out that sentence, the interests of justice mandate that he be given the opportunity to withdraw his plea.

Id. at 751.
As in Richardson, Goodwin has not received the sentence he bargained for. Accordingly, we reverse his judgment and sentence and remand this cause to the trial court with directions to permit Goodwin to withdraw his guilty plea or be resentenced within the parameters of the plea agreement. See Davis v. State, 473 So.2d 753 (Fla. 4th DCA 1985); Alvis v. State, 421 So.2d 769 (Fla. 4th DCA 1982).
REVERSED AND REMANDED.
DOWNEY and BARKETT, JJ., concur.
DELL, J., dissents without opinion.