PER CURIAM.
The state contends in these appeals that upon convictions for four separate crimes calling statutorily for fifteen years maximum sentences, the trial court was required to run the sentences consecutively because of the guideline recommendation, notwithstanding Section 721.16(1), Florida Statutes (1987). Citing Branam v. State, 540 So.2d 158 (Fla. 2d DCA 1989), we disagree. When the recommended guideline sentence exceeds the statutory maximum, the statute for the particular crime controls. See State v. Thomas, 528 So.2d 1274 (Fla. 3d DCA 1988). We recognize the conflict and decline to follow Bra-nam, supra, and hold that a trial judge still has the power and discretion to make sentences run either consecutively or concurrently pursuant to Section 721.16(1), Florida Statutes (1987). We do not find that the adoption of the guideline sentencing statute either removed the maximum sentence provided for individual crimes or deprived a trial judge of authority to make sentences either concurrently or consecutively pursuant to specific legislative grant of authority by Section 721.16(1), Florida Statutes (1987). We do not believe that the adoption of the guideline sentencing statute by implication could have repealed either the specific maximum sentences as to individual crimes or a trial judge’s grant of specific authority to render consecutive or concurrent sentences.
Therefore the sentences under review be and the same are hereby affirmed.
Affirmed.