PER CURIAM.
In this criminal appeal, appellant challenges the trial court’s failure to allow him to withdraw his plea and also the requirement of a term of probation which the trial court allegedly imposed after the prison sentence had begun to run.
Appellant and his wife were charged by information with one count of possession of cocaine and one count of possession of more than 20 grams of cannabis. On October 4, 1990, appellant entered an agreement whereby he would plead no contest to both charges and forfeit his car and cellular telephone to the state in exchange for the state’s agreement not to file other charges and to drop the charges pending against appellant’s wife. Section 17 of the plea agreement further provided: “I understand that the following special conditions apply to my sentence ... incarceration, if any, to run concurrent with pending federal charges.”
At a sentencing hearing seven months later, defense counsel moved for a continuance on the ground that the plea agreement was premised on appellant’s state time running concurrently with whatever sentence he would receive in federal court, and the federal charges had not yet been disposed of. The trial court noted that the case had been continued several times because of the delay in the federal case and refused to further continue the case. Appellant moved to withdraw his plea on the ground that the plea was entered on the understanding that his state time would run concurrently with any federal sentence. The trial court denied the motion to withdraw the plea and sentenced appellant.
The trial court erred in denying appellant’s request to withdraw his plea. In Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983), and Goodwin v. State, 477 So.2d 1089 (Fla. 4th DCA 1985), our sister courts have held that it is improper to direct a sentence to run concurrently with another sentence not then in existence and allowed appellants to withdraw their pleas. In Richardson, the court stated:
Under section 921.16(2), Florida Statutes (1981), a Florida court may direct that a sentence which is imposed may be served concurrently with a sentence from another jurisdiction. The statutory language infers that there must be an existing sentence in that jurisdiction.
Id. at 751.
In the case at bar, as in the Richardson and Goodwin cases, there was no existing sentence at the time the plea bargain was entered. Since appellant had still not been sentenced on his federal charges after seven months, it was literally impossible to adhere to the terms of the plea agreement. *732 In the face of the trial judge’s refusal to grant a continuance of the sentencing, the only alternative was to allow withdrawal of the plea and abrogation of the plea agreement in its entirety. Appellant could not at the time of sentencing receive the sentence for which he originally bargained. Controlling law requires that he be given the opportunity to withdraw his plea. Richardson; Goodwin. Because we hold that appellant must be given the opportunity to withdraw his plea, we do not reach the probation issue.
REVERSED and REMANDED.
ERVIN, WIGGINTON and KAHN, JJ., concur.