PER' CURIAM.
John Lee Bain appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Bain contends he was sentenced to a greater sentence than the sentence agreed to in the written plea agreement. If this is correct, he may have a ground for relief. See Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983).
The order that denied Bain’s motion recites that Bain had previously raised the issue in a prior motion and that the sentence imposed is not inconsistent with the plea agreement. The court failed to attach to its order any portion of the record to support its determination that the present motion is an improper successive motion. The attachments provided regarding whether or not the sentence was in accordance with the plea agreement do not refute the appellant's claim. Additionally, although not addressed in the order, the appellant’s motion may be time barred by Florida Rule of Criminal Procedure 3.850.
Accordingly, we reverse the summary denial of the appellant’s motion. On remand, unless the files and records of the case conclusively show that the appellant is entitled to no relief, the court shall order the state attorney to file an answer within a time certain. After receipt of the answer, the court shall determine whether an evidentiary hearing is required. If the court should again deny appellant’s motion, he has thirty days in which to appeal.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and BLUE, JJ., concur.