633 So.2d 1138 (1994)
Keith Leon KIRKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02974.
District Court of Appeal of Florida, Second District.
March 18, 1994.
PER CURIAM.
Keith Leon Kirkland appeals the summary denial of his motion for postconviction relief. We reverse.
Kirkland entered a plea to the charges involved in this case, and it was agreed he *1139 would receive a concurrent sentence for each. At the time of his plea he was on "control release" from a prior sentence, and he desired that his new sentences run concurrently with the control release sentence. At the time he was sentenced in the present case, no formal revocation of control release had occurred. The following discussion occurred upon sentencing:
PUBLIC DEFENDER: The only thing we reviewed last time Your Honor, was that he is about to have a control release hearing.
THE COURT: Right.
PUBLIC DEFENDER: And the plea agreement reads that the State had no objection to allowing for this case to run concurrent to the time he's going to have to have when he goes before the control release board and is violated because of this current case.
THE COURT: Well, yeah, and we talked about that earlier.
PUBLIC DEFENDER: Right.
THE COURT: About whether I have the authority to run concurrent with a prospective sentence.
PUBLIC DEFENDER: Right. Right.
THE COURT: And I would like the judgment to say that it is my intention that this ten years be concurrent with whatever you get as a result of the revocation of controlled release. That's my intention. However, I think we need to understand that I am not at all sure that I am in a position to direct the Department of Corrections to do anything.
KIRKLAND: I understand.
The judgment and sentence are contained within the record before us. As is conceded by the trial court in the order now under review, "The sentencing documents for the instant case do not reflect the sentencing court's wish to run the sentence imposed concurrent with any future sentences." As a result of such omission, once control release was revoked, the sentences were considered consecutive rather than concurrent by the Department of Corrections. See § 921.16(1), Fla. Stat. (1993). Several months later Kirkland brought the apparent oversight to the trial court's attention and he asked that the judgment and sentence be corrected to disclose what he understood to be the trial court's intent. In spite of Kirkland's effort, the trial court denied the motion, concluding that at no time was there authority to impose concurrent sentences and that Kirkland was fully aware of the possibility he might not be entitled to concurrent time.
Kirkland's case bears some resemblance to Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983). At the time of his Florida offense Richardson had been on parole from New Jersey. Richardson, like Kirkland, wanted the new sentence to "run concurrently with any sentence received for the parole violation in New Jersey." 432 So.2d at 751. Richardson also expected to be returned to New Jersey as soon as possible, and to serve most of his time in that state. The trial court agreed with Richardson's request, but Richardson's hopes were dashed when New Jersey declined to extradite and prosecute him. Richardson, convinced that he had not received the sentence which he had bargained for, sought to withdraw his plea. This court found that the plea had been "based on a failure of communication or [a] misunderstanding of the facts," in that the trial court had apparently "not informed [Richardson] of the impossibility of carrying out [the] sentence" it had agreed to impose. Id.
It is plain that Richardson is distinguishable. Richardson's plea was the product of a mutual mistake. Here, by contrast, the sentencing judge made plain to Kirkland that, although he had no objection to imposing concurrent time, the court could not tell the Department of Corrections what to do. An additional distinction is that Kirkland, unlike Richardson, does not desire to withdraw his plea, but only to receive the sentence he believes was the product of his bargain. As they now exist, however, the sentencing documents make that bargain impossible of fulfillment.
Implicit in the trial court's decision is a conclusion that granting Kirkland's motion would be a legal impossibility and therefore a useless gesture. We are not convinced this is so. When Kirkland speaks of "control release," we assume he refers to release pursuant to section 947.146, Florida Statutes *1140 (1991). The control release program was created "in order to maintain the state prison system below 97.5 percent of its lawful capacity." Only certain prisoners are eligible. See § 947.146(4). Those who violate the terms of their control release may be returned to confinement, and are also subject to forfeiture of gain time. § 947.146(11). At the time of Kirkland's sentencing the participants appear to have believed that revocation of control release was inevitable. Kirkland describes state of affairs as more akin to an existing sentence than the speculative sentence involved in Richardson. In hindsight, at least, he seems to be correct.
The order denying postconviction relief is reversed and this case is remanded with instructions to correct the judgment and sentence to reflect that the sentences in the present case are to run concurrently with those in case numbers CG90-5489A1-XX, CF91-2477A1-XX, and CF91-2458A2-XX. In determining that Kirkland should receive the relief he seeks, we stress that our decision is limited to the narrow and unusual circumstances of this case. Kirkland asks that the written judgment and sentence be conformed to the trial court's oral pronouncement at the time of sentencing; he is entitled to that. Richardson retains its vitality as an example of the danger inherent in this type of plea agreement.
Reversed and Remanded.
FRANK, C.J., and SCHOONOVER and QUINCE, JJ., concur.