679 So.2d 45 (1996)
Calvin BRUCE, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2731.
District Court of Appeal of Florida, Third District.
August 28, 1996.
*46 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Douglas Gurnic, Assistant Attorney General, for appellee.
Before NESBITT, GREEN and SHEVIN, JJ.
PER CURIAM.
Calvin Bruce appeals from the summary denial of his motion for post conviction relief. In this motion, Bruce seeks to have the sentence imposed in this case pursuant to a plea agreement run concurrent with the sentence in another case for the specific revocation of his control release. Bruce argues that this was a condition of his plea entered in this case and that the trial court erred when it determined that it could not run this sentence concurrent with his control release sentence. We agree and reverse.
Bruce was offered and accepted seven years imprisonment for the charges in this case. At the time, there was a parole hold on Bruce for violation of his conditional release in an unrelated case. Bruce, through counsel, specifically advised the court that he would accept the plea to seven years imprisonment in this case provided that it run concurrent with the remainder of his control release sentence to be imposed by the Department of Corrections and that credit be given for time served. The trial court, concluding that it had no authority to order these sentences run concurrent, only recommended that they run concurrent in the sentencing order. Thereafter, the Department of Corrections ran the sentence imposed in this case consecutive to Bruce's control release sentence. Bruce filed a motion for postconviction relief below seeking to have the sentencing imposed in this case run concurrent with his control release sentence. When the motion was denied, he instituted this appeal.
Contrary to the assumption made by the sentencing judge below, the legislature has vested the trial court with discretion in criminal cases to impose either concurrent or consecutive sentences in independent cases. § 921.16(1), Fla. Stat. (1993); see also Benyard v. Wainwright, 322 So.2d 473, 475 (Fla. 1975); State v. Hull, 545 So.2d 510 (Fla. 3d DCA), cause dismissed, 549 So.2d 1014 (Fla. 1989); Snell v. State, 438 So.2d 1038 (Fla. 2d DCA 1983); McNamara v. State, 324 So.2d 702 (Fla. 3d DCA 1975), cert. denied, 337 So.2d 809 (Fla.1976). Section 921.16(1) states as follows:
(1) A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently. (emphasis added)
Where the trial judge fails to specify whether sentences imposed for offenses not charged in the same information or indictment be served concurrently, section 921.16(1) dictates *47 that such sentences be served consecutively. Benyard, 322 So.2d at 475.
It is clear in the instant case that Bruce entered his plea in this case upon the express condition that the resultant sentence be served concurrent with his control release sentence to be imposed in a prior case. It is equally clear that the trial judge would have specifically ordered both of these sentences be served concurrently had the court not been mistaken about its authority to do so. Under circumstances virtually identical to those presented here, the Second District Court of Appeal in Kirkland v. State, 633 So.2d 1138 (Fla. 2d DCA 1994) held that the petitioner was entitled to have his judgment corrected to reflect that the separate sentences imposed would be served concurrently. We find that the same result should obtain here.
Accordingly, we reverse the order denying postconviction relief and remand this case with instructions to correct the judgment and sentence to reflect that the sentence imposed in this case run concurrently with the sentence imposed by the Department of Corrections for violation of control release.
Reversed and remanded with instructions.