ALTENBERND, Judge.
Timothy Jones appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He alleges that he agreed to plead guilty to numerous offenses in 1995 in exchange for sentences that would be served concurrently with sentences imposed for control release violations on earlier offenses. The trial court denied his motion in an order indicating that the trial court believes the sentences are all running concurrently. We reverse the order because the attachments do not include sentences or other documents that clearly instruct the Department of Corrections (the Department) to run the 1995 sentences concurrently with the sentences for the earlier offenses.
Mr. Jones alleges that in July 1995 he pleaded guilty in case 95-04762 and in fifteen other cases pursuant to a plea agreement that provided numerous sentences. The longest sentence contained in the agreement was a 20-year habitual offender sentence, suspended after 10 years, with the remaining 10 years to be served on probation. At the time Mr. Jones committed these offenses, he was on control release for at least seven offenses committed between 1992 and 1994. When he pleaded to the 1995 offenses, he knew that the Department would soon revoke his control release. He alleges that his agreement included a requirement that the trial court specifically announce that the 1995 sentences would be served concurrently with the earlier sentences. His written plea agreement is difficult to decipher, but it does include a reference to “D.O.C. concurrent.”
The trial court denied this motion with an order that correctly identified the issue, but then explained that two of the 1995 sentences were concurrent. The order does not refute Mr. Jones’s claim that the 1995 offenses were intended to run concurrently with the earlier sentences, but that the Department is running them consecutively.
The state filed a helpful response identifying the long list of eases between 1992 and 1995 and confirming that the Department has placed the 1995 sentences consecutive to the control release violations. The state recognizes that a trial court has the authority to order its sentences to be served concurrently with control release violations. Kirkland v. State, 633 So.2d 1138 (Fla. 2d DCA 1994); Bruce v. State, 679 So.2d 45 (Fla. 3d DCA 1996). It further recognizes that, if the trial court intends the sentences to be served concurrently, the fail *430 ure of the sentencing documents to state this requirement in clear language the Department must obey is an issue that can be raised by a motion filed pursuant to rule 3.850.[1]
Accordingly, we reverse the order denying Mr. Jones’s motion and remand the case to the trial court. If the trial court should summarily deny the motion again, it shall attach portions of the record conclusively refuting. Mr. Jones’s allegation that his plea agreement specified his 1995 sentences would be served concurrently with the sentences imposed upon the revocation of his control release. If the record does not conclusively refute Mr. Jones’s allegations, then the trial court shall conduct an evidentiary hearing. Any party aggrieved by the trial court’s subsequent action shall file a notice of appeal within thirty days.
Reversed and remanded.
PATTERSON, A.C.J., and WHATLEY, J., concur.

. The state accurately explains that, if the order clearly requires concurrent sentences, the method to compel the Department to obey the sentence is through administrative channels rather than postconviction relief.