PER CURIAM.
The appellant challenges an order by which his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief was summarily denied. We affirm.
While appellant alleged that he would not have entered into the plea if he had known his sentences would not be concurrent, he did not allege that anyone misinformed or misled him as to what his sentence would be. In fact, the only evidence in the record before this court clearly shows that the plea agreement was for precisely what he got — a recommendation that the sentences be concurrent.
To the extent appellant asked the court below to modify his sentence, the court is without power to grant the modification of sentence appellant sought. Appellant’s motion was made more than 60 days beyond entry of the sentence. See Rule 3.800(c). Appellant tries to shoehorn his case into the situation that existed in Bruce v. State, 679 So.2d 45 (Fla. 3d DCA 1996) and Kirkland v. State, 633 So.2d 1138 (Fla. 2d DCA 1994), but there is nothing in the record in this case to indicate the court entered a recommendation in this case because it believed it lacked the authority to enter a mandate. The plea agreement in this case clearly shows that the agreement was for a recommendation that the sentence run concurrent with the parole violation, not a mandate or guarantee.
MINER and WOLF, JJ., and SHIVERS, Senior Judge, CONCUR.