743 So.2d 94 (1999)
Eric D. EBLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03578.
District Court of Appeal of Florida, Second District.
September 10, 1999.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Eric D. Eblin, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Eric Eblin appeals an order denying his postconviction motion to clarify his sentence. The State concedes error and we reverse.
Mr. Eblin entered into a plea agreement to resolve three separate cases charging burglaries of dwellings.[1] As a part of the agreement, Mr. Eblin was given concurrent sentences for all three cases. The terms of one of these sentences are discussed in greater detail in Eblin v. State, 677 So.2d 388 (Fla. 2d DCA 1996). At the time Mr. Eblin committed these burglaries, he was on "control release" from a prior sentence. The parties knew that Mr. Eblin's control release would be revoked because of the burglary charges. See § 947.146(11), Fla. Stat. (1995). During the sentencing hearing, Mr. Eblin's counsel requested that any sentences imposed on the burglary charges be concurrent with the inevitable sentence Mr. Eblin would receive when his control release was formally revoked. Both the State and the court stated they had no objection to this arrangement, but the court did not believe it had the authority to order the Department of Corrections to run all of Mr. Eblin's sentences concurrently. Instead, the court simply noted on the face of Mr. Eblin's sentences that it had no objection to the burglary sentences being served concurrently with his control release sentence.
Mr. Eblin alleges in his postconviction motion that the Department of Corrections has refused to run his burglary sentences concurrently with his control release sentence because of this precatory language, and instead has run these sentences consecutively. Mr. Eblin claims that because the sentences are consecutive, his overall sentence will be six years longer than if the sentences were concurrent. He also claims his gain time awards have been adversely affected.
The facts in this case closely resemble those in Kirkland v. State, 633 So.2d 1138 (Fla. 2d DCA 1994), and Bruce v. State, 679 So.2d 45 (Fla. 3d DCA 1996). Like Kirkland and Bruce, the only reason Mr. Eblin's sentences are not concurrent is because the trial court mistakenly believed *95 it did not have the authority to order the Department of Corrections to treat the sentences in this way. The record establishes that if the trial court had correctly understood the parameters of its authority, it would have ordered Mr. Eblin's burglary and control release sentences to be served concurrently.[2]
Accordingly, we reverse the trial court's denial of Mr. Eblin's postconviction motion and remand this case to the trial court for it to amend Mr. Eblin's judgments and sentences to reflect that the sentences in his three burglary cases are to run concurrently with his control release sentence.
Reversed and remanded.
ALTENBERND, A.C.J., and BLUE and DAVIS, JJ., Concur.
NOTES
[1] Case numbers 95-45-CF, 95-48-CF, and 95-49CF.
[2] We commend the assistant attorney general who handled this case for conceding the error.