Confession of Error

PER CURIAM.
Jose Rosario appeals an order denying his motion to correct illegal sentence, which we treat as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Upon the State’s confession of error, we reverse the order now before us.
Defendant-appellant Rosario entered a guilty plea to burglary with an assault and grand theft, in exchange for a sentence of twenty-eight months incarceration. During the plea colloquy, the defendant informed the court that there was a pending control release violation. Defendant desired that the twenty-eight month sentence run concurrent with any sentence that would later be imposed for violation of control release. The trial court indicated that it had no objection to concurrent sentencing, but was under the impression that the court could only recommend, but could not require, that the Department of Corrections impose concurrent sentencing.
The trial court agreed to make such a recommendation, but never did. The defendant subsequently was found guilty of a violation of control release by the Department of Corrections, and the Department directed that the sentence on violation of control release be served consecutively. Defendant was denied postconviction relief in the trial court, and has appealed.
The State properly concedes that this case is indistinguishable from Bruce v. State, 679 So.2d 45 (Fla. 3d DCA 1996), where the court said, “It is equally clear that the trial judge would have specifically ordered both of these sentences be served concurrently had the court not been mistaken about its authority to do so.” Id. at 47. This court directed that postconviction relief be granted and remanded “with instructions to correct the judgment and sentence to reflect that the sentence imposed in this case run concurrently with the sentence imposed by the Department of Corrections for violation of control release.” Id.; see also Kirkland v. State, 633 So.2d 1138 (Fla. 2d DCA 1994). We therefore reverse the order now before us and remand for resentencing in accordance with Bruce v. State,
Reversed and remanded.