PER CURIAM.
In considering a prior claim by this defendant, we determined that the trial court had correctly concluded that defendant’s sentence should run consecutive to his original prior conviction. See Diaz v. State 715 So.2d 1128 (Fla. 3d DCA 1998) (ordering defendant’s sentences on case numbers 93-30316, 93-33038, and 93-33837 were to run consecutive to sentences currently being served). Following remand, the defendant was charged with eight new separate felonies. In each case, defendant entered a plea of guilty. At each sentencing, the trial judge ordered that the sentence being imposed run concurrent to those sentences in the new group of eight for which sentencing had already been imposed. The trial judge did not, however, provide that any of these eight sentences be concurrent to any other prior sentences. Consequently under section 921.16(1) Florida Statutes (2001), and Bruce v. State, 679 So.2d 45, 46-47 (Fla. 3d DCA 1996), the trial court, here, considering defendant’s motion for post conviction relief, correctly determined that the sentences at issue should run consecutive to defendant’s prior sentences.
Accordingly, the order under review is affirmed.