STRINGER, Judge.
John Doe a/k/a George Bailey (“Bailey”) seeks review of the trial court’s order denying his motion to withdraw his plea after sentencing. Bailey argues that the trial court abused its discretion in denying his motion to withdraw his plea because it was impossible for the court to adhere to the terms of his plea agreement. We agree and reverse.
The State charged Bailey with armed burglary with an assault, first-degree murder, five counts of aggravated assault, aggravated battery, attempted armed robbery, and shooting within a building. Bailey entered into a plea agreement in which he pleaded no contest to the offenses of second-degree murder with a *421 firearm, armed burglary with an assault, attempted armed robbery, and aggravated assault in exchange for fifteen-year sentences that would run concurrently with any sentence subsequently imposed in Virginia for a violation of probation on the ten-year suspended sentence he was currently serving there. Bailey filed a motion to withdraw his plea because a de-tainer had not been issued against him in Virginia and it was possible that his Virginia sentence could exceed his Florida sentences.
Bailey correctly asserts that the trial court lacks jurisdiction to ensure that Bailey’s Virginia sentence, if it is indeed imposed, will run concurrently with his Florida sentence; thus, the trial court cannot ensure that the terms of Bailey’s plea bargain are met. See Richardson v. State, 432 So.2d 750, 751 (Fla. 2d DCA 1983); Janney v. State, 599 So.2d 731, 731 (Fla. 1st DCA 1992). Accordingly, we reverse and remand with directions to permit Bailey to withdraw his plea of no contest and enter a plea of not guilty, if he desires to do so after he has been advised of the proper alternatives.
Reversed and remanded.
SALCINES and DAVIS, JJ„ Concur.