972 So.2d 310 (2008)
Danny L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1058.
District Court of Appeal of Florida, Second District.
January 25, 2008.
KELLY, Judge.
Danny L. Johnson appeals from the denial of a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
Johnson effectively alleges that a discrepancy exists between the oral pronouncement of the court and his written sentences. He asserts that the court pronounced concurrent terms for his offenses but that the written sentences resulted in consecutive terms. In concluding such a claim is cognizable under rule 3.800(a), the Florida Supreme Court recently summarized its prior holdings on the issue:
This Court has held that a court's oral pronouncement of a sentence controls over the written sentencing document. When the written document results in a sentence that is more severe than the sentence announced in court, this Court has considered it a potential violation of the constitutional protection against double jeopardy. In effect, under our decisions . . . we have determined that a written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence. Indeed, we have restricted the authority of a trial court to enter a conflicting written sentence in this manner. Accordingly, no court has the authority to enter such a sentence, since the oral pronouncement controls and constitutes the legal sentence imposed. For this reason, we agree . . . that a motion alleging a discrepancy between the oral and written sentences should be cognizable in a rule 3.800(a) proceeding.
Williams v. State, 957 So.2d 600, 603 (Fla. 2007) (internal citations omitted).
*311 In denying Johnson's motion, the post-conviction court focused on the sentencing court's discussion of the potential effect that an impending sentence for a conditional release violation might have on Johnson's prison term. The sentencing court had expressed some confusion about its authority to direct that incarceration arising from the conditional release violation be served concurrently with the sentences imposed on the new offenses. We note in passing that sentencing courts have that authority. See Eblin v. State, 743 So.2d 94 (Fla. 2d DCA 1999); Jones v. State, 696 So.2d 429 (Fla. 2d DCA 1997); Kirkland v. State, 633 So.2d 1138 (Fla. 2d DCA 1994); Bruce v. State, 679 So.2d 45 (Fla. 3d DCA 1996).
The postconviction court, however, did not address the alleged discrepancy between the written sentences and the unambiguous oral pronouncement that the terms for the new offenses run concurrently with each other. Because the written sentences are not in the record before us, we are unable to resolve the question. On remand, the postconviction court shall review the record to determine whether there is a discrepancy between the court's pronouncement and the written sentencing orders. If it finds a discrepancy, it shall correct the written sentence to conform to the oral pronouncement. See Guerra v. State, 927 So.2d 248, 249 (Fla. 2d DCA 2006). If the postconviction court again denies Johnson's claim, it must attach portions of the record that conclusively refute the allegation. Id.
Reversed and remanded.
STRINGER and WALLACE, JJ., Concur.