976 So.2d 686 (2008)
Michael S. HORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1786.
District Court of Appeal of Florida, Second District.
March 19, 2008.
CANADY, Judge.
Michael S. Horton appeals the denial of his sworn motion for postconviction relief which was filed within two years after his judgment and sentence became final. We reverse.
In his motion, Horton presented a claim based on circumstances that differ in no material respect from those presented in Eblin v. State, 743 So.2d 94 (Fla. 2d DCA 1999). In Eblin, the postconviction motion was predicated on events at a sentencing hearing where counsel for Eblin requested that his sentences for three burglary offenses be imposed concurrently with a sentence to be imposed in a pending proceeding for the revocation of Eblin's community control. The sentencing court, however, "did not believe it had the authority" to order that the sentences be run concurrently with the impending sentence upon revocation of community control. Id. at 94. Concluding that the sentencing court's belief was in error, the Eblin court stated that "[t]he record establishes that if the trial court had correctly understood the parameters of its authority, it would have ordered Mr. Eblin's burglary and control release sentences to be served concurrently." Id. at 95. The court therefore reversed the denial of Eblin's motion for postconviction relief and remanded to the postconviction court "for it to amend" Eblin's sentences accordingly. Id.; see also Kirkland v. State, 633 So.2d 1138 (Fla. 2d DCA 1994); Rosario v. State, 762 So.2d 581 (Fla. 3d DCA 2000); Bruce v. State, 679 So.2d 45 (Fla. 3d DCA 1996).
In the instant case, the State has conceded that this court should rule in accordance with Eblin. Based on the authority of Eblin, we reverse the order denying Horton's motion and remand for the postconviction court to amend Horton's judgment and sentence to provide that his sentence run concurrently with the sentence imposed upon the revocation of Horton's parole.
Reversed and remanded.
ALTENBERND and VILLANTI, JJ., concur.