NORTHCUTT, Chief Judge.
Danny Johnson pleaded guilty to obtaining property with a worthless check and to grand theft, and he was sentenced for these crimes on August 4, 2005. At the sentencing hearing, the court stated that these two sentences were to run concurrently.
On October 19, 2006, Johnson filed a motion to correct his sentence. Fla. R. Crim. P. 8.800(a). He asserted that although the court had announced that his sentences were to run concurrently, the Department of Corrections was running them consecutively. In January 2007, the postconviction court summarily denied Johnson’s motion, but it did not address the issue of whether DOC was running the worthless check sentence consecutively to the grand theft conviction.
We reversed this summary denial and remanded to the postconviction court to review the record to determine whether a discrepancy existed between the sentencing court’s oral pronouncements and the written sentencing documents. Johnson v. State, 972 So.2d 310, 311 (Fla. 2d DCA 2008).
On remand, the postconviction court again summarily denied Johnson’s motion and attached copies of the written sentencing documents. The written sentence for the worthless check conviction, case number CF04-006077, specifically states the sentence is to run concurrently with the sentence imposed in case number CF04-002026, the grand theft conviction. But the written sentence for the grand theft conviction does not contain the preprinted provision addressing whether the sentence is consecutive to or concurrent with any *239 other sentences. The transcript of the sentencing hearing and the sentencing document for the worthless check conviction establish that the sentencing judge intended that the sentences for the two crimes would run concurrently. The sentencing document in the grand theft case, case number CF04-002026, appears to be missing a page, although the pages are consecutively numbered. This apparent scrivener’s error may be creating confusion at the DOC. Accordingly, we reverse the denial of Johnson’s motion and remand to the postconviction court with directions to correct the sentencing document in case number CF04-002026 to specifically reflect that the sentence is to run concurrently with the sentence imposed in case number CF04-006077.
Reversed and remanded.
VILLANTI and WALLACE, JJ., Concur.