ALTENBERND, Acting Chief Judge.
Raymond Platt appeals the summary denial of his unsworn motion for clarification of sentence. The trial court properly denied the motion pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial without prejudice to Mr. Platt filing a timely rule 3.850 motion.
On June 19, 1992, Mr. Platt was sentenced for numerous felonies, primarily burglaries of structures. These sentences involved both new 1992 offenses and violations of probation on 1989 and 1990 offenses. The trial court sentenced Mr. Platt to prison for the 1989 and 1990 offenses, and to consecutive probation on the 1992 offenses.
On April 20, 1993, the Control Release Authority of the Florida Parole Commission placed Mr. Platt on ten years’ control release supervision for the 1989 and 1990 offenses. The control release supervision and the probation for the 1992 offenses were served concurrently. In August 1994, the state filed an affidavit of violation of probation, alleging technical violations, but no new offenses.
At a hearing on October 31,1994, Mr. Platt admitted the technical violations. During the hearing, his attorney requested a jail sentence for his client, and the assistant state attorney estimated that the sentence should be approximately ten years. After accurately commenting several times that the file was extremely complicated, the trial court imposed two consecutive five-year terms and a consecutive two-year term of incarceration on the 1992 offenses. At the conclusion of the hearing, Mr. Platt pointed out that the court had not resolved his control release violations for the 1989 and 1990 offenses. The trial court explained that control release was not its responsibility.
When Mr. Platt returned to prison, the Control Release Authority vacated his release on the earlier offenses. Because the trial court had not expressly stated an intention for its sentences to run concurrently with any other sentences, the Department of Corrections (DOC) has elected to make the sentences on the 1992 offenses consecutive to the sentences imposed for the 1989 and 1990 offenses. This results in a total sentence that is roughly twice as long as the sentence discussed with Mr. Platt at the October 1994 sentencing hearing.
We conclude that Mr. Platt’s motion entitles him to no relief. We are troubled, however, by the conflicting assumptions made in this case by the trial court and DOC. The trial court apparently assumed that DOC would exercise some reasoned discretion in deciding whether to run the reinstated sentences concurrently or consecutively with the sentences on the 1992 offenses. DOC, on the other hand, relied on section 921.16(1), Florida Statutes (1993), and Kirkland v. State, 633 So.2d 1138 (Fla. 2d DCA 1994), to impose automatic consecutive sentences in the absence of overriding instructions from the trial court.
Accordingly, we affirm without prejudice to the filing of a timely motion pursuant to rule 3.850.
Affirmed.
BLUE and QUINCE, JJ., concur.