672 So.2d 654 (1996)
James LYONS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2627.
District Court of Appeal of Florida, Fourth District.
May 1, 1996.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was released from prison under supervision known as "CRD" release, the purpose of which is to keep the state prison population below 97.5% of capacity. While on release, he was charged with dealing in stolen property and pled guilty without a negotiated agreement. The court imposed a sentence which would run "consecutive to any CRD violation and/or any sentence now being served."
Appellant correctly argues that a sentence cannot be consecutive to an undetermined future sentence. Teffeteller v. State, 396 So.2d 1171 (Fla. 5th DCA 1981), relying on Wallace v. State, 41 Fla. 547, 26 So. 713 (Fla.1899), in which our supreme court held that in order for a sentence to start to run at the expiration of another sentence, the record must reflect the terms of the other sentence. Because the sentence for CRD violation had not yet been imposed in the present case, this sentence is improper.
Reversed.
KLEIN and PARIENTE, JJ., and DEAN, AMY M., Associate Judge, concur.