704 So.2d 565 (1997)
Teayoir SCANTLING, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2035.
District Court of Appeal of Florida, First District.
June 17, 1997.
Nancy A. Daniels, Public Defender, and Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.

EN BANC
ALLEN, Judge.
The appellant contends that the sentence imposed for an offense which he committed while on control release may not be made consecutive to the sentence to be served in connection with the violation of control release. Although Currelly v. State, 678 So.2d 453 (Fla. 1st DCA 1996), provides support for this contention, we recede from this aspect of Currelly. The present case is thus being considered en banc by the court's criminal division pursuant to Florida Rule of Appellate Procedure 9.331(b).
The appellant was imprisoned under a sentence for an earlier offense, and after serving a portion of that term he was placed on control release and then committed another offense. In imposing the present sentence for this offense the court indicated that this sentence would be consecutive to "the sentence he is currently serving." However, the appellant notes that the sentencing papers indicate that the present sentence would be consecutive to any sentence received for violation of control release, and that this is precluded by Currelly under the theory that the present sentence would be consecutive to an undetermined future sentence. See also Lyons v. State, 672 So.2d 654 (Fla. 4th DCA 1996). But we disagree with the apparent assumption in Currelly and Lyons that a violation of control release will result in a new and undetermined sentence to be imposed in the future. An inmate on control release has already been sentenced for the earlier offense, and pursuant to section 947.141(4), Florida Statutes, an inmate violating control release may be returned to prison for the continued service of that sentence. *566 Because this is not a new sentence, and the inmate is instead imprisoned under a sentence which has previously been determined and imposed, a separate consecutive sentence for another offense committed while on control release is not thereby precluded. We recede from Currelly in this regard, and acknowledge conflict with Lyons. The present case is therefore affirmed.
MINER, WEBSTER, MICKLE, LAWRENCE and PADOVANO, JJ., concur.