PER CURIAM.
More than two years after being sentenced, appellant filed a motion to correct *1195 sentence under rule 3.800 on the ground that his sentence is illegal because it was ordered to be consecutive to another yet-to-be imposed sentence for violating conditional release. He relies on our decision in Lyons v. State, 672 So.2d 654 (Fla. 4th DCA 1996), holding that where a sentence starts to run at the expiration of another sentence, the record must reflect the terms of the other sentence. We came to that conclusion in Lyons because of Wallace v. State, 41 Fla. 547, 26 So. 713 (1899); however, we note that the first district disagrees with Lyons and has certified conflict. Scantling v. State, 704 So.2d 565 (Fla. 1st DCA 1997).
Unlike Lyons, this is not a direct appeal, but rather a motion filed pursuant to rule 3.800, the only avenue of relief open to appellant at this point. Because the sentence does not exceed the maximum period set forth by law for the offense, we conclude that this sentence, although improper under Lyons, is not an illegal sentence under Davis v. State, 661 So.2d 1193 (Fla.1995) and therefore cannot be raised in a 3.800 motion. We therefore affirm.
DELL, KLEIN and GROSS, JJ., concur.