711 So.2d 524 (1998)
Teayoir SCANTLING, Petitioner,
v.
STATE of Florida, Respondent.
No. 90968.
Supreme Court of Florida.
May 21, 1998.
*525 Nancy A. Daniels, Public Defender and Paula S. Saunders, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief, Criminal Appeals; and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Respondent.
WELLS, Justice.
We have for review Scantling v. State, 704 So.2d 565 (Fla. 1st DCA 1997) (en banc), which expressly and directly conflicts with the opinion in Lyons v. State, 672 So.2d 654 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision of the First District Court of Appeal in Scantling and disapprove Lyons.
Scantling was sentenced to seven years in prison for an attempted armed robbery conviction in 1990. After serving part of that term, he was placed on control-release status. In December 1995, Scantling committed another offense, possession of cocaine, while he was on control-release status. In imposing the sentence for cocaine possession, the trial court indicated that the new sentence would be "served consecutively to the sentence he is currently serving." However, the sentencing papers indicate that the present sentence is to be served consecutive to any sentence received for violation of control release. On appeal to the First District Court of Appeal, Scantling argued that the consecutive sentence is precluded by Currelly v. State, 678 So.2d 453 (Fla. 1st DCA 1996), in which the First District affirmed the appellant's conviction and sentence but struck the part of the sentence which referred to any sentence received for violation of control release, interpreting that phrase as purporting to require his sentence to be consecutive to an undetermined future sentence. The First District in Currelly cited Lyons v. State, 672 So.2d 654 (Fla. 4th DCA 1996), for the proposition that a sentence cannot be imposed consecutive to an undetermined future sentence.
In this case, the First District affirmed Scantling's sentence and receded from Currelly to the extent that Currelly stands for the proposition that a consecutive sentence is precluded for a control-release violation because the sentence would be consecutive to an undetermined future sentence. Scantling v. State, 704 So.2d at 565. The First District acknowledged conflict with Lyons. Id. Petitioner alleged conflict, and we accepted jurisdiction.
Scantling argues that the First District erred in affirming the trial court's sentencing determination and in receding from Currelly, which he cites in support of his contention that the Parole Commission's as-yet undetermined action regarding his control-release violation is an undetermined sentence and thus the court cannot impose a new sentence to run consecutively to the punishment for the control-release violation. We disagree.
In the First District's en banc opinion, Judge Allen explained:
An inmate on control release has already been sentenced for an earlier offense, and pursuant to section 947.141(4), Florida Statutes, an inmate violating control release may be returned to prison for the continued service of that sentence. Because this is not a new sentence, and the inmate is instead imprisoned under a sentence which has previously been determined and imposed, a separate consecutive sentence for another offense committed while on control release is not thereby precluded.
Scantling, 704 So.2d at 565-66. We agree with the First District's conclusion that a punishment for a control-release violation is *526 not an as-yet undetermined sentence, and therefore a court can order a new sentence to run consecutive to such punishment. This is true because only a court can impose a sentence.[1] An as-yet undetermined action of the Parole Commission is not a sentence. Rather, the Commission's action is an administrative determination as to how an inmate's control-release violation affects his status within the context of the sentence he has already received.
Accordingly, we approve the First District's decision affirming Scantling's sentence and receding from Currelly. We disapprove Lyons.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING and ANSTEAD, JJ., concur.
PARIENTE, J., recused.
NOTES
[1] Article IV, section 8(c), of the Florida Constitution provides in relevant part: "There may be created by law a parole and probation commission with power to supervise persons on probation and to grant paroles or conditional releases to persons under sentences for crime." (Emphasis added.) See also Florida Rule of Criminal Procedure 3.700, which defines "sentence" as a "pronouncement by the court of the penalty imposed on a defendant for the offense of which a defendant has been adjudged guilty."