766 So.2d 292 (2000)
Gregory McCARTHUR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3861.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
Gregory McCarthur, Immokalee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the denial of Gregory McCarthur's postconviction motion. The trial court expressly declined to exercise its discretion under section 921.16(1), Florida *293 Statutes (1997), to decide whether the sentence imposed in this case would run concurrently or consecutively to the punishment to be imposed for McCarthur's control release violation in an earlier case.[1] Instead, the court left the matter to the Parole Commission to decide.
The legislature vested the courts with the authority to make this determination. See § 921.16(1), Fla. Stat.; Bruce v. State, 679 So.2d 45 (Fla. 3d DCA 1996). Even where no decision has been made on the control release violation by the time of sentencing, the trial court still has the discretion to run the sentence either concurrently or consecutively to any future punishment for the violation. See Scantling v. State, 711 So.2d 524 (Fla.1998). McCarthur is entitled to postconviction relief because, in his case, the trial court refused to exercise its lawful discretion.
We, therefore, reverse the order denying McCarthur's motion. On remand, the trial court shall resentence McCarthur to the same term, but shall provide for that term to run either concurrently or consecutively to the period of incarceration imposed on the control release violation.
DELL, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] We find that the record conclusively disproves McCarthur's claim that the terms of his plea agreement required concurrent sentences.