767 So.2d 1280 (2000)
Michael ISSAC, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1782.
District Court of Appeal of Florida, Fifth District.
October 6, 2000.
Michael K. Issac, Mayo, pro se.
No Appearance for Appellee.
W. SHARP, J.
Issac appeals from the summary denial of his seventh post-conviction proceeding *1281 in this court. We affirm. The cause is frivolous and successive.
Originally Issac was convicted of armed burglary and aggravated battery, and sentenced as an habitual violent felony offender to concurrent terms of twenty-five years in prison. He appealed and raised the issue of the sufficiency of the evidence to support both his convictions. We affirmed, with the correction of a minor clerical error. Issac v. State, 662 So.2d 399 (Fla. 5th DCA 1995).
Thereafter, he commenced the following post-conviction proceedings in this court:
1. In case number 97-616, Issac asked this court to grant his petition for mandamus to order the trial court to rule upon his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Since Issac did not pay the filing fee, his petition was dismissed.
2. In case number 97-1342, this court granted Issac's petition for writ of habeas corpus (a belated appeal of the trial court's order denying his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850). Issac v. State, 697 So.2d 1320 (Fla. 5th DCA 1997).
3. In case number 97-2370 (the belated appeal), Issac raised five grounds (mainly arguing his trial counsel was ineffective). This court affirmed without opinion. Issac v. State, 700 So.2d 700 (Fla. 5th DCA 1997).
4. In case number 98-602, Issac filed another motion pursuant to Florida Rule of Criminal procedure 3.850, which the trial court summarily denied as successive and untimely. This court affirmed, citing to Pope v. State, 702 So.2d 221 (Fla.1997), which holds that successive ineffective assistance claims are properly dismissed. Issac v. State, 710 So.2d 608 (Fla. 5th DCA 1998).
5. In case number 99-800, Issac filed a Motion to Correct Illegal Sentence. He argued the state failed to advise him of its intent to seek habitualization and had he known of that intent, he would have accepted the ten-year plea that was offered to him. The trial court denied relief and this court affirmed without opinion. Issac v. State, 731 So.2d 1295 (Fla. 5th DCA 1999).
6. In case number 99-810, Issac filed another petition for writ of habeas corpus, seeking a belated appeal, on the ground that conduct by his appellate counsel precluded him from being charged with knowledge of alleged failings on the part of such counsel. The petition was dismissed as untimely. Issac v. State, Case No. 99-810 (Fla. 5th DCA Apr. 8, 1999).
7. In case number 00-1782 (the current appeal), Issac appeals from the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800. Issac claims the evidence was insufficient to sustain his conviction of being in possession of a firearm while committing burglary.
This current claim for collateral relief is barred because it is successive and repetitive, not only because this issue was previously be raised, but also because it could have been raised and, in fact, was raised in the direct appeal. See Maharaj v. State, 684 So.2d 726 (Fla.1996); Young v. State, 739 So.2d 553 (Fla.1999); Porter v. State, 478 So.2d 33 (Fla.1985).
We warn Issac against filing additional successive petitions and motions regarding his conviction. Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995); Edwards v. State, 760 So.2d 226 (Fla. 5th DCA 2000). If he persists in filing another frivolous appeal, petition or motion, this court will issue a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), as to *1282 why he should not be denied further access to this court.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.