845 So.2d 271 (2003)
Thearon SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3679.
District Court of Appeal of Florida, Second District.
May 14, 2003.
*272 FULMER, Judge.
Thearon Sampson challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Sampson raised six grounds in his motion. In grounds five and six, Sampson claimed that his sentence was illegal. We affirm, without comment, that portion of the trial court's order denying these grounds. We also affirm the trial court's denial of ground three of the motion since the claim of trial court error raised therein should have been brought on direct appeal and is not cognizable in a postconviction motion. However, we reverse the trial court's order as to grounds one, two, and four of Sampson's motion and remand to the trial court to consider these claims.
Sampson was convicted after jury trial of aggravated assault on a law enforcement officer in trial court case number 97-4986. His judgment and sentence were affirmed on direct appeal. Sampson v. State, 743 So.2d 1092 (Fla. 2d DCA 1999) (table decision). Sampson timely filed the rule 3.850 motion, the denial of which is presently under review. In grounds one, two, and four, Sampson raised claims of ineffective assistance of counsel. The trial court denied these claims, along with the claim raised in ground three, on the basis that they were successive since Sampson had previously filed a rule 3.850 motion in the same trial court case on December 28, 1999,[1] which was denied by the order of the trial court rendered February 10, 2000. However, as correctly stated by Sampson in his motion for rehearing, the December 1999 rule 3.850 motion was filed in trial court case number 97-19044 and not in trial court case number 97-4986.
In the December 1999 rule 3.850 motion, Sampson alleged that his plea in case number 97-19044 was not voluntarily entered. In the present case, as noted above, Sampson was convicted after jury trial and did not enter a plea. In its February 10, 2000, order denying the December 1999 motion, the trial court stated: "Although Defendant's Motion was filed in both case numbers 97-4986 and 97-19044, his claims are applicable only to case number 97-19044 and are without merit."[2] Thus, the trial *273 court previously ruled that the December 1999 rule 3.850 motion raised no claims in regard to case number 97-4986.
Accordingly, we reverse that portion of the trial court's order denying grounds one, two, and four of Sampson's motion as successive. On remand, the trial court shall address the claims of ineffective assistance of trial counsel raised in those grounds.
Affirmed in part, reversed in part, and remanded.
SALCINES and STRINGER, JJ., concur.
NOTES
[1] Rather than utilizing the mailbox rule, the trial court determined the date of filing based on the date stamp of the clerk of the circuit court.
[2] Although the style of the trial court's February 10, 1999, order lists trial court cases 97-4986 and 97-19044, the December 1999 rule 3.850 motion that is part of our record lists only case number 97-19044 in the style of the motion but does contain a reference in the body of the motion to case number 97-4986, even though it raises no claims in regard to that case.