853 So.2d 1103 (2003)
Thomas Jerome BYRD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1776.
District Court of Appeal of Florida, Fourth District.
September 3, 2003.
*1104 Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Thomas Byrd ("Byrd") was charged by information with one count of driving under the influence with priors, one count of driving while license suspended-habitual offender, and one count of driving while license suspended or permanently revoked. He entered an open plea of no contest to count one, driving under the influence with priors. Part of the agreement was that the offense would be treated as a first offense. Byrd also entered a plea of no contest on count two and count three was nolle prosed.
After commenting on Byrd's extensive record, and agreeing that Byrd needed help with his addiction, the court orally pronounced his sentence. As to count II, the trial court imposed a sixty month sentence, with the sentence to be suspended after the completion of thirty-six months if Byrd was admitted to an in-patient rehabilitation facility. Byrd would then be placed on drug offender probation and be required to remain in inpatient treatment for six months followed by one year of probation. Byrd was also sentenced to one year probation on count I, the driving under the influence charge. Initially the judge commented that the probation terms would be served concurrently. However, defense counsel commented that the sentence would be illegal if the terms were to be served concurrently and the state attorney stated that: "It's got to be consecutive." After asking how he should word the order, the judge ordered that the probation be served consecutively. On the written sentence order, the court ordered that Byrd serve 280 days on count one followed by one year of probation.
Initially, Byrd contends the trial court erred in sentencing him to 280 days imprisonment, followed by one year probation on count I, driving under the influence. The state agrees that the sentence violates the legal maximum sentence of 180 days pursuant to section 316.193, Florida Statutes, but that the trial court's oral pronouncement would not.
*1105 This court has recognized that a trial court's oral pronouncement controls over a written sentencing order. See, e.g., Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982). As a result we remand this case to the trial court and instruct that the written order be corrected.
Byrd next argues that on remand the trial court should have the opportunity to revisit the issue of whether the two probationary periods should be concurrent or consecutive. We agree. Byrd accurately points out that the trial court initially imposed the two probation periods to run concurrently. However, at the hearing, defense counsel commented that it would be an illegal sentence if it were concurrent. Ultimately, after also being advised by the state that it had to be consecutive, the court changed the order to consecutive.
Section 921.16(1), Florida Statutes, provides that "[a] defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively."
In McCarthur v. State, 766 So.2d 292 (Fla. 4th DCA 2000), this court reversed an order where the trial court left the decision of whether the sentence would run consecutively or concurrently in the hands of the parole commission. Id. In McCarthur, the panel pointed out that the legislature had vested this discretion to the trial court.
Although certainly distinguishable from McCarthur, it appears the trial court in this case did not truly exercise its discretion. Rather the court let the decision rest in the hands of counsel. The record makes clear that the trial court initially sought to impose this sentence concurrently. However, after being erroneously advised by counsel that it had to be consecutive, the sentence was changed.
On appeal, the state accurately contends the trial court has the power to enter the order concurrently, but that the written order comports with the trial court's true intentions. However, the record indicates otherwise. It is apparent that the court changed its ruling only after being advised that the order had to be consecutive.
As a result, on remand we instruct the trial court to exercise its discretion and reconsider the imposition of the consecutive order.
REMANDED.
FARMER, C.J., and GROSS, J., concur.