931 So.2d 133 (2006)
Wallis Lavon STEWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5317.
District Court of Appeal of Florida, Second District.
March 29, 2006.
*134 PER CURIAM.
Wallis Lavon Steward appeals the summary dismissal of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Steward's motion raised numerous claims for relief including trial court error, insufficiency of the evidence, improper sentencing procedure, and ineffective assistance of counsel. We affirm.
Steward's claims of trial court error and insufficiency of the evidence should have been raised on direct appeal. See Sampson v. State, 845 So.2d 271, 272 (Fla. 2d DCA 2003) (holding that claims of trial court error should be raised on direct appeal); Issac v. State, 767 So.2d 1280 (Fla. 5th DCA 2000) (holding a claim that the evidence was insufficient to support the conviction should have been raised on direct appeal). Steward's claims contesting the sentencing procedure are procedurally barred in a rule 3.800(a) motion. See Johnson v. State, 917 So.2d 1011 (Fla. 4th DCA 2006).
We affirm the postconviction court's ruling on Steward's ineffective assistance of counsel claims because Steward's claims of ineffective assistance of counsel must be raised in a rule 3.850 motion. See Meeks v. State, 382 So.2d 673, 675 (Fla.1980). Our affirmance is without prejudice to any right Steward may have to file a motion for postconviction relief pursuant to rule 3.850.
Affirmed.
NORTHCUTT, CASANUEVA, and DAVIS, JJ., Concur.