947 So.2d 1219 (2007)
James E. RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0213.
District Court of Appeal of Florida, First District.
January 26, 2007.
*1220 James E. Richardson, pro se, Appellant.
Charlie Crist, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant raises facially sufficient claims of ineffective assistance of counsel and illegal sentence, we reverse.
On January 14, 2005, the appellant pled no contest to child abuse and was sentenced to fifteen months' imprisonment pursuant to a plea agreement. During the sentencing hearing, counsel argued that the state did not have any objection to running the sentence concurrently with the appellant's sentence for violating his control-release, but it would be up to the Department of Corrections to determine whether the sentences would be concurrent or consecutive. The trial court agreed with this argument and stated that it could not order the sentences to run concurrently to each other.
The appellant filed a timely rule 3.850 motion, which was summarily denied by the trial court, arguing that counsel was ineffective for failing to object to the trial court's misstatement of the law and that his sentence was illegal. The law is clear that a trial court may order a sentence to run concurrently or consecutively to a pending control-release violation. Scantling v. State, 711 So.2d 524, 525-26 (Fla. 1998). In fact, the trial court must exercise its discretion to order a sentence imposed for an offense committed while on community release concurrent or consecutive to his or her community release sentence and cannot defer the structure of the sentence to the Department of Corrections because the Department lacks such sentencing authority. § 921.16(1), Fla. Stat. (2004); Byrd v. State, 853 So.2d 1103 (Fla. 4th DCA 2003); McCarthur v. State, 766 So.2d 292 (Fla. 4th DCA 2000)(holding that the trial court must exercise its discretion to sentence the offender to concurrent or consecutive sentences); Art. I, § 18, Fla. Const. (barring an administrative agency from imposing a sentence of imprisonment); Pearson v. Moore, 767 So.2d 1235, 1238-39 (Fla. 1st DCA 2000)(holding that the power to sentence rests entirely with the courts), affirmed, 767 So.2d 1235 (Fla. 1st DCA 2000). Therefore, the appellant *1221 has stated a valid reason for his counsel to object.
Additionally, the appellant's sentence is illegal because the recommended sentence is of such a nature that it imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances, Carter v. State, 786 So.2d 1173, 1181 (Fla.2001)(defining an illegal sentence), as a trial court cannot delegate sentencing authority to an administrative agency. See Art. I, § 18, Fla. Const.; Pearson v. Moore, 767 So.2d at 1238-39. Thus, it appears the appellant is serving an illegal sentence. Cf. Krause v. State, 857 So.2d 343, 343 (Fla. 1st DCA 2003)(remanding a summarily denied rule 3.800(a) motion to the trial court to exercise its discretion to award or deny foreign jail credit which is a discretionary decision). Because the trial court erred by summarily denying the appellant's motion for the above reason, we reverse and remand for an evidentiary hearing.
REVERSED and REMANDED.
BARFIELD and VAN NORTWICK, JJ., concur, and THOMAS, J., concurs in result only.