975 So.2d 1191 (2008)
Ronald FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3203.
District Court of Appeal of Florida, First District.
March 6, 2008.
Ronald Ford, pro se, Appellant.
Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Ronald Ford appeals an order denying his rule 3.850 motion in which he asserts that his counsel was ineffective because prior to entering his plea, *1192 she affirmatively misadvised him as to who was responsible for concurrently imposing the sentences in the instant case to his sentence imposed for his conditional release violation. The record indicates that the appellant requested, as a condition of entering his plea, that the sentences be concurrently imposed, and that counsel provided advice which could reasonably lead him to believe that they would be concurrently imposed. The sentences have been consecutively imposed. Neither the plea hearing transcript nor the plea form attached by the trial court in support of its order conclusively refute the claim. However, the record contains a letter in which trial counsel misadvises the appellant, and makes reference to having previously provided him the same misadvice, that it was up to the Parole Commission or the Department of Corrections [DOC] to concurrently impose the sentences. This is incorrect. See § 921.16(1), Fla. Stat. (2005) ("Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more sentences be served concurrently"); Richardson v. State, 947 So.2d 1219, 1220 (Fla. 1st DCA 2007) ("[T]he trial court must exercise its discretion to order a sentence imposed for an offense committed while on community release concurrently or consecutively to his or her community release sentence and cannot defer the structure of the sentence to the [DOC] because the [DOC] lacks such sentencing authority"); Bruce v. State, 679 So.2d 45 (Fla. 3d DCA 1996) ("Where the trial judge fails to specify whether sentences imposed for offenses not charged in the same information or indictment be served concurrently, section 921.16(1) dictates that such sentences be served consecutively"). Counsel failed to ask the court to concurrently impose the sentences.
Although the appellant has submitted a claim which is not refuted by the record, he does not state that he desires to withdraw his plea, but instead seeks to have the court order that the sentences be concurrently imposed. The appellant has asserted that his plea was involuntary due to misadvice from counsel, and to constitute a legally sufficient claim he must state that he seeks to withdraw his plea. We therefore reverse and remand for the trial court to allow the appellant the opportunity to amend his motion to state that he seeks to withdraw his plea. See Spera v. State, 971 So.2d 754 (Fla.2007).
REVERSED AND REMANDED.
ALLEN, WOLF, and POLSTON, JJ., concur.