PER CURIAM.
 

 While on parole, the appellant was arrested for possession of cocaine. Pursuant to a plea agreement, the trial court sentenced the appellant to 24 months’ imprisonment for possession of cocaine to run concurrently with his parole violation “at the discretion of the parole board.” In its discretion, the Department of Corrections chose to run the sentences consecutively. The appellant filed a motion under Florida Rule of Criminal Procedure 3.800(a), arguing that the trial court improperly delegated discretion to the Department of Corrections, which has no authority to make sentencing decisions. We agree.
 

 Even if part of a negotiated plea agreement, a trial court cannot defer the structure of a sentence to the Department of Corrections because the executive branch agencies lack sentencing authority.
 
 See Richardson v. State,
 
 947 So.2d 1219 (Fla. 1st DCA 2007). The State concedes error, but suggests that an evidentiary hearing
 
 *408
 
 may not be necessary if the State Attorney’s office has no objection to concurrent sentences. We accordingly reverse and remand with directions for the trial court either to hold an evidentiary hearing or to enter an amended judgment showing White’s sentences to be concurrent.
 

 REVERSED AND REMANDED, with instructions.
 

 WOLF, PADOVANO, and THOMAS, JJ., concur.