PER CURIAM.
 

 The appellant appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds one and three of appellant’s motion without further discussion. However, for the reasons discussed below, we reverse and remand ground two.
 

 In ground two, the appellant asserts that counsel was ineffective for failing to present to the court case law standing for the proposition that the trial court could impose his sentence concurrently to a future sentence the defendant would receive for violating his conditional release. It appears that his claim has merit as the trial court did in fact have the power to impose the sentence in this case concurrently to his conditional release sentence, and the record clearly demonstrates that the trial court would have imposed the sentences concurrently had it been aware of its authority to do so. In
 
 Richardson v. State,
 
 947 So.2d 1219 (Fla. 1st DCA 2007), a defendant filed a 3.850 motion asserting that counsel was ineffective for advising him that the trial court had no authority to run his sentence concurrently to a conditional-release sentence.
 
 Id.
 
 at 1220. The trial court agreed and stated that it could not order the sentences to run concurrently to each other.
 
 Id.
 
 This Court reversed, holding:
 

 [T]he law is clear that a trial court may order a sentence to run concurrently or consecutively to a pending control-release violation. In fact, the trial court must exercise its discretion to order a sentence imposed for an offense committed while on community release concurrent or consecutive to his or her community release sentence and cannot defer the structure of the sentence to the Department of Corrections because the Department lacks such sentencing authority.
 

 Id.
 
 (citations omitted);
 
 see also Ford v. State,
 
 975 So.2d 1191 (Fla. 1st DCA 2008) (same). The
 
 Richardson
 
 court went on to hold that the appellant’s sentence was illegal.
 
 Richardson,
 
 947 So.2d at 1221. Because the appellant has alleged facially sufficient claims for ineffective assistance of counsel and an illegal sentence, we reverse and remand for the trial court to hold an evidentiary hearing or to impose the sentence in the instant case to be concurrent with the sentence imposed by DOC.
 
 See White v. State,
 
 19 So.3d 407 (Fla. 1st DCA 2009).
 

 REVERSED and REMANDED.
 

 LEWIS, THOMAS and WETHERELL, JJ., concur.