JACOBUS, J.
The appellant, Thomas Shorter, appeals the denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court denied Shorter’s motion after an evidentia-ry hearing, concluding that Shorter’s ineffective assistance of counsel claim failed to meet either prong of the Strickland,[1] test. We reverse.
Shorter was on conditional release when he was arrested and charged for the sale of cocaine. He subsequently entered a plea of no contest to the charge and was sentenced to 19 months’ imprisonment. There was no mention at the combined plea and sentencing hearing regarding whether the plea was to run concurrently or consecutively to any prior sentence. However, the Parole Commission later ruled that Shorter violated his conditional release and he would have to serve out his prior sentence before serving the sentence on the charge for selling cocaine.
Shorter subsequently filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850, alleging that he received ineffective assistance of counsel on the cocaine charge because he had told his attorney that he wanted the sentence to run concurrently with his prior sentence, from which he was on conditional release. The motion alleged that Shorter had been affirmatively misadvised by his lawyer that the court did not have jurisdiction to make the current sentence run either consecutively or concurrently to his prior sentence because the Parole Commission had not yet held a hearing on his violation of the conditional release and, thus, there was no disposition of the prior sentence.
At the evidentiary hearing on Shorter’s 3.850 motion, both the assistant state attorney and Shorter’s lawyer represented to the court that there had been no affirmative misadviee by counsel, because it would have been without jurisdiction to make Shorter’s sentence concurrent or consecutive as it was an undetermined sentence. Shorter’s lawyer acknowledged that he had advised Shorter of this at the time the plea was offered and this is what Shorter understood the law to be. The trial court agreed with the attorneys regarding the legal effect of the violation and denied the motion.
The information given to Shorter was a misstatement of the law. Conditional release occurs after a defendant is already sentenced. Mayes v. Moore, 827 So.2d 967, 971 (Fla.2002); Evans v. Singletary, 737 So.2d 505 (Fla.1999). Upon violation of conditional release, a defendant is not resentenced; rather the Parole Commission makes an administrative determination regarding conditional release, which leaves the original sentence undisturbed. See, e.g., Fla. Admin. Code R. 23-23.011 (concerning the procedure for the revocation of conditional release). Because a potential punishment for a conditional release violation is not an as-yet undetermined sentence, and the defendant is already subject to a sentence, a court can order a new sentence to run consecutively or concurrently to such a sentence. See Scantling v. State, 711 So.2d 524, 525-26 (Fla.1998) (holding that trial court could impose new sentence consecutive to prior sentence, despite pending control release violation related to prior sentence); Richardson v. State, 947 So.2d 1219 (Fla. 1st DCA 2007) (recognizing that court is under a duty to exercise its discretion to order sentence to run concurrently or consecutively to prior sentence, despite pending control release violation).
It is very clear that the lawyers and the court were under the impression *942 that the court had no jurisdiction one way or the other to make the sentence either concurrent or consecutive. Since Shorter’s attorney affirmatively misadvised him of the law, he is entitled to withdraw his plea. See, e.g., Forberb v. State, 437 So.2d 1079, 1081 (Fla.1983) (“It is a well established principle of law that a defendant should be allowed to withdraw a plea of guilty where the plea was based upon a misunderstanding or misapprehension of facts considered by the defendant in making the plea.”). Accordingly, we remand the case with instructions to allow the withdrawal of the plea.
REVERSED and REMANDED WITH INSTRUCTIONS.
SAWAYA and TORPY, JJ„ concur.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).