NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LARRY EUGENE SMITH,              )
                                 )
        Appellant,               )
                                 )
v.                               )      Case No. 2D15-4654
                                 )
STATE OF FLORIDA,                )
                                 )
        Appellee.                )
_____)

Opinion filed July 15, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; John K. Stargel, Judge.

BLACK, Judge.

        Larry Eugene Smith challenges the summary denial of his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  Smith

raised two claims in his motion.  We reverse the denial of claim 1 and remand for further

consideration and affirm the denial of claim 2.

        Smith was convicted of attempting to introduce contraband into a

detention facility, driving under the influence, and driving with a revoked license

(habitual traffic offender). He was sentenced to forty-two months' imprisonment followed by eighteen months' probation pursuant to a negotiated plea agreement. Smith did not file a motion to withdraw plea or appeal his judgment and sentence.

In his rule 3.850 motion, Smith first argued that trial counsel was ineffective for preventing him from entering into a more favorable plea agreement. The postconviction court summarily denied this claim, finding it to be without merit. The postconviction court did not, however, attach to its order record documents that conclusively refute Smith's claim. We therefore reverse the summary denial of claim 1 and remand for the postconviction court to either attach record documents that conclusively refute this claim or conduct an evidentiary hearing on this claim. See Fla. R. Crim. P. 3.850(f); Forte v. State, 189 So. 3d 1043, 1044 (Fla. 2d DCA 2016) (citing Ciambrone v. State, 128 So. 3d 227, 232 (Fla. 2d DCA 2013)).

As to Smith's second claim, he argued that the trial court erred in failing to appoint conflict-free counsel. Because claims of trial court error should be raised on direct appeal, we affirm the summary denial of claim 2. See Steward v. State, 931 So. 2d 133, 134 (Fla. 2d DCA 2006) (citing Sampson v. State, 845 So. 2d 271, 272 (Fla. 2d DCA 2003)).

Affirmed in part; reversed in part; remanded.


LaROSE and BADALAMENTI, JJ., Concur.