946 So.2d 33 (2006)
Arthur WARD, a/k/a Arthur Lee Ward, Doc #034788, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3491.
District Court of Appeal of Florida, Second District.
November 15, 2006.
Rehearing Denied January 24, 2007.
ALTENBERND, Judge.
Arthur Ward appeals the order denying his motion for "resentencing" that the circuit court properly treated as a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the order.
Mr. Ward was charged in three informations with five offenses. He was sentenced at a single sentencing hearing in April 2001. He pleaded nolo contendere and agreed to certain sentences, the longest of which was fifteen years' imprisonment as a prison releasee reoffender (PRR). See § 775.082(9), Fla. Stat. (2000). At the sentencing hearing, the State relied on a signed affidavit from the Department of Corrections certifying his last release date for the purpose of establishing his eligibility for sentencing as a prison releasee reoffender. Mr. Ward did not object to that procedure.
In August 2005, Mr. Ward filed this motion, essentially alleging that his sentence is illegal because the affidavit from the Department of Corrections was not self-authenticating or otherwise admissible in evidence.[1] He does not allege or even suggest that he was legally ineligible for PRR sentencing in April 2001. Without regard to the sufficiency of the allegations, we conclude that this type of alleged error in sentencing procedure is not a matter that would render a PRR sentence an illegal sentence. This is not an issue that can be raised at any time pursuant to rule 3.800(a). Instead, it is comparable to the procedural issues involved in habitual offender sentencing and guidelines sentencing that must be challenged on direct appeal or by a timely motion pursuant to Florida Rule of Criminal Procedure 3.850. See Wright v. State, 911 So.2d 81 (Fla. *34 2005); Steward v. State, 931 So.2d 133 (Fla. 2d DCA 2006); Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991); Johnson v. State, 917 So.2d 1011 (Fla. 4th DCA 2006).
Affirmed.
CASANUEVA and WALLACE, JJ., Concur.
NOTES
[1] Although not disclosed in his motion, Mr. Ward filed direct appeals in all three of these cases and also filed an appeal of an order denying a motion pursuant to rule 3.850. All of these proceedings were affirmed on appeal. See Ward v. State, 888 So.2d 37 (Fla. 2d DCA 2004); Ward v. State, 837 So.2d 982 (Fla. 2d DCA 2002); Ward v. State, 835 So.2d 1135 (Fla. 2d DCA 2002); Ward v. State, 827 So.2d 1000 (Fla. 2d DCA 2002).