WARNER, J.
We affirm the denial of appellant’s motion to correct an illegal sentence, in which he claimed that his 1996 habitual violent felony offender sentence for kidnapping and aggravated battery with a firearm was illegal. First, he alleged that the sentencing judge impermissibly used a juvenile or youthful offender conviction as a predicate offense for habitualization. The record does not support his contention that a juvenile conviction was used. Instead, the record reflects that the predicate offense for habitualization was a robbery conviction on which the state had direct-filed against appellant in the adult division. Second, appellant alleges that he is entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000) (declaring the Crime Control Act of 1995 unconstitutional, invalidating the guidelines under that act, and permitting defendants sentenced thereunder to seek resentencing under prior guidelines). Because appellant was sentenced as a habitual offender, Heggs does not apply. See Arce v. State, 762 So.2d 1003 (Fla. 4th DCA 2000). Finally, appellant claims that he did not receive notice of the habitualization, but that claim too is refuted by the record and sentencing transcript.

Affirmed.

TAYLOR and MAY, JJ., concur.