PER CURIAM.
 

 Delrick Johnson (Defendant) appeals an order summarily denying his rule 3.800(a) motion to correct illegal sentence. We affirm, but not for the reason provided by the trial court.
 
 [1]
 

 Defendant’s first ground was that the same factors which were taken into account to calculate his guidelines score-sheet — including prior offenses, such as the robbery with a deadly weapon that was used to qualify him as a habitual violent felony offender — cannot be used as aggravating circumstances to depart upward from the guidelines. This claim lacks merit. While it is true that factors that already have been taken into account in calculating a guidelines score cannot be used also as aggravating circumstances for a departure sentence,
 
 Brown v. State,
 
 763 So.2d 1190, 1192 (Fla. 4th DCA 2000), Defendant was not given an upward departure sentence; he was sentenced pursuant to the habitualization statute and thus was not subject to the sentencing restrictions of the guidelines. § 775.084(4)(e), Fla. Stat. (1989) (providing that sentencing under the habitual offender statute is not subject to the provisions of section 921.001, the statute governing the sentencing guidelines).
 

 Defendant’s second ground was that the evidence presented at his sentencing hearing was insufficient to establish his release date from prison, though he notes that defense counsel conceded his qualification as a habitual felony offender (HFO). Sentencing as a HFO also would have required that the offense for which he was being sentenced was committed within five years of the date of conviction of the last prior felony or within five years of his release from a prior felony conviction.
 
 Compare
 
 § 775.084(l)(a)2., Fla. Stat. (1989),
 
 with
 
 § 775.084(l)(b)2., Fla. Stat. (1989). This claim is based on his allegation that the state did not provide a “certified copy” of his release date.
 

 The second ground is not cognizable in a rule 3.800(a) motion; in it, Defendant attacked the process by which he was sentenced, not the legality of the sentence.
 
 See, e.g., Ward v. State,
 
 946 So.2d 33 (Fla. 2d DCA 2006) (holding that claim that Department of Corrections affidavit supporting prison releasee reoffender sentence was not admissible was not cognizable in rule 3.800(a) motion to correct sentence). Even if the merits could be reached, the ground would lack merit. According to the motion, the case number for his prior conviction of robbery with a deadly weapon was no. 87-1286. According to the direct appeal opinion, he was convicted of this prior offense in 1987. That prior felony conviction occurred within five years of the date of commission of the instant offense, in 1989. Thus, no proof of release date was necessary.
 

 Affirmed.
 

 MAY, C.J., STEVENSON and LEVINE, JJ., concur.
 

 [1]
 

 . The trial court denied the motion as "repetitive,” but did not attach any portions of the record to demonstrate that the same grounds for relief had been raised previously.