PER CURIAM.
We affirm the summary denial of Sims’s untimely and successive rule 3.850 motion, raising nine grounds, the first seven of which, claiming alleged trial court error in the jury instructions, were not cognizable. Although the trial court’s order did not address the two claims of illegal sentence, both were without merit.
In ground eight, Sims challenged his habitualization for a life felony, committed at a time when section 775.084, Florida Statutes, did not provide for habitual sentences for life felonies. The claim lacked merit because, despite the sentencing judge’s comments about use of a firearm, Sims was charged and convicted of kidnapping [without a firearm], a first-degree felony punishable by life, see § 787.01(2), Fla. Stat. (1995), not a life felony.
In ground nine, Sims claimed his prior conviction for robbery could not be the predicate for his sentencing as a habitual violent felony offender because he was sentenced for it as a youthful offender. However, he was adjudicated guilty and sen *614 tenced to prison for that offense. That claim was raised in his August 2005 rule 3.800(a) motion, and was denied, see, e.g., Whitfield v. Singletary, 730 So.2d 314 (Fla. 3d DCA 1999), and the denial was affirmed on appeal. Sims v. State, 957 So.2d 19 (Fla. 4th DCA 2007), rev. denied, 977 So.2d 577 (Fla.2008).
Ground nine included a claim that there was no proof of the date of Sims’s release from prison for the predicate offense to establish that the instant offenses were committed within the five-year period thereafter. However, that is a ground which had to be raised on direct appeal or, if he could show prejudice, in a timely rule 3.850 motion. See Ives v. State, 993 So.2d 117 (Fla. 4th DCA 2008); Ward v. State, 946 So.2d 33 (Fla. 2d DCA 2006). In any event, the record established that the conviction for the predicate offense itself fell within the five-year period, making proof of the release date unnecessary, see § 775.084(1)(b)2, Fla. Stat. (1995), and Sims himself personally testified to his release in March of 1995, less than a year before the instant offenses were committed.

Affirmed.

CIKLIN, LEVINE and KLINGENSMITH, JJ„ concur.